IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARIF ALI, aka** | : | |
| **RAYMOND SHELTON** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-4320** |
| | : | |
| **COMMISSIONER BLANCHE** | : | |
| **CARNEY, et al.** | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 14th day of December, 2020, upon consideration of Plaintiff Sharif Ali, aka Raymond Shelton's Motion to Proceed *In Forma Pauperis* (ECF No. 1, 8), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Sharif Ali, aka Raymond Shelton, #710025, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Philadelphia Industrial Correctional Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Ali's inmate account; or (b) the average monthly balance in Ali's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Ali's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Ali's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Philadelphia Industrial Correctional Center.

      4.      The Complaint is **DEEMED** filed.

      5.      For the reasons stated in the Court's Memorandum, certain claims in the Complaint are **DISMISSED WITH PREJUDICE**, and other claims are **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

      a.      All claims based on grievances, individual capacity claims under RLUIPA, the First Amendment retaliation claim against Defendant Carney, and all claims based on visitation are **DISMISSED WITH PREJUDICE**.

      b.      All official capacity claims (other than an official capacity claim under RLUIPA, deemed to be a claim against the City of Philadelphia), claims based on access to the prison law library claim, claims based on the inability to exercise unshackled, and due process claims based upon Ali's continuing to be housed in segregation, are **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint.

      6.      The Clerk of Court is directed to **SEND** Ali a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

      7.      Ali is given thirty (30) days to file an amended complaint if he chooses to do so and in the event he can allege additional facts to reassert the claims dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

addition to identifying them in the body of the amended complaint, shall state the basis for Ali's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 20-4320.  If Ali files an amended complaint, his amended complaint must be a complete document that includes all the bases for Ali's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case.  When drafting his amended complaint, Ali should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. Should Ali choose not to file an amended complaint and stand on his Complaint as originally submitted, the Court will direct service of his initial Complaint and **ONLY** his First Amendment Free Exercise claim, his official capacity RLUIPA claim (deemed to be a claim against the City of Philadelphia), and his First Amendment retaliation claim against Defendant Martin will proceed and be served on the appropriate Defendants.

9. Ali may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Ali is reminded to include the case number for this case, 20-4320.

10. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**