IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIF ALI, aka : <br> RAYMOND SHELTON : <br>    Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER BLANCHE : <br> CARNEY, et al. : <br>    Defendants. : | Civil No. 20-cv-4320-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                                                            **August 18, 2022**

**I.     INTRODUCTION**

On September 1, 2020, Plaintiff Sharif Ali initiated this action pursuant to 42 U.S.C. § 1983 alleging that while confined at Philadelphia Industrial Correctional Center as a pretrial detainee he was deprived of his rights under the First Amendment and the Religious Land Use Institutionalized Person's Act. Specifically, he alleges he was denied exercise of his religious beliefs; denied access to the law library and the Courts; confined by shackles in segregated housing; restricted to his cell for 21 hours a day; forced to wear shackles during exercise; and retaliated against after filing grievances. Plaintiff subsequently filed documents supporting his application for leave to proceed *in forma pauperis* and an Amended Complaint. On December 14, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff has had no further communication with the Court since filing his Amended Complaint on May 21, 2021, except for a letter he filed on February 4, 2022, concerning the consolidation of his cases.

Defendants filed a Motion for Summary Judgement on February 11, 2022. Because Plaintiff did not file a timely response to the motion, the Court issued an Order on June 14, 2022, directing a response no later than July 12, 2022. The Order warned Plaintiff that a failure to timely comply, "may result in the dismissal of the case without further notice."[1] To date, there has been no response from Plaintiff. After balancing the *Poulis* factors, the action is dismissed.

## II.  LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

## III.  ANALYSIS

The first *Poulis* factor weighs in favor of dismissal of the above-captioned case because as a pro se litigant, Plaintiff is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

---

[1] *See Qadr v. Overmyer,* 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." (citing Fed. R. Civ. P. 41(b))); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

The second factor also weighs in favor of dismissal because Plaintiff's failure to litigate this action or comply with court orders frustrates and delays its resolution. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction").

As to the third factor, Plaintiff has a history of dilatoriness of approximately fifteen months. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). There has been no substantial contact from Plaintiff since May 2021. To date, Plaintiff has not responded to the Court's Order of June 14, 2022, directing him to respond by July 11, 2022. Accordingly, this factor weighs in favor of dismissal.

Regarding the fourth factor, because this Court has no explanation for Plaintiff's dilatoriness, it is unable to determine whether his conduct is in bad faith. This factor is therefore neutral or weighs against dismissal. *But see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

Fifth, monetary sanctions are not an appropriate alternative to dismissal because of Plaintiff's financial status- he is proceeding *in forma pauperis*. *See id.* (determining that sanctions are not an alternative sanction to a pro se litigant proceeding *in forma pauperis*).

Finally, as to the merits, the Court notes there is a current Summary Judgment Motion pending. Upon review of Defendants' pending motion, which is based on undisputed facts, it

appears that Plaintiff has failed to fully exhaust all administrative remedies and his claims are not substantiated by the evidence of record. Accordingly, it appears that the motion should be granted in Defendants' favor.

## IV.    CONCLUSION

After weighing all the *Poulis* factors, the Court finds that the weight of the factors supports dismissal of the above-captioned action.

A separate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
